IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

No. 26-5580

---

JOLITA JEAN,

<u>PETITIONER - APPELLANT</u>

v.

CHRISTOPHER BULLOCK,
ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, NEW ORLEANS FIELD OFFICE,

<u>RESPONDENT - APPELLEE</u>

APPELLANT LOLITA JEAN'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT

---

RESPONSE

---

Jamie B. Naini
Tennessee State Bar No. 022959
The Law Offices of Jamie B. Naini
6645 Stage Road
Memphis, TN 38134
(901) 377-9700

COUNSEL FOR JOLITA JEAN

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
NO. 26-5580

| | |
|---|---|
| JOLITA JEAN, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTOPHER BULLOCK, | ) |
| Attorney General, | ) |
| Respondent | ) |
| | ) |

**APPELLANT LOLITA JEAN'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**

Appellant Lolita Jean, through undersigned counsel, respectfully opposes Appellee's motion to dismiss this appeal as moot. The motion should be denied because Ms. Jean remains detained, has not been released from immigration custody, has not waived her right to appeal the Immigration Judge's September 18, 2026 voluntary-departure order. Ms. Jean remains subject to the same unlawful detention and deprivation of individualized custody process that gave rise to this appeal.

A grant of voluntary departure does not itself release Ms. Jean from custody, does not provide the habeas relief she sought, does not vacate the district court's judgment, and does not eliminate this Court's ability to afford effective relief. The appeal therefore presents a live controversy. At minimum,

the Government has not carried its heavy burden to show that it is "impossible for a court to grant any effectual relief whatever" to Ms. Jean. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

## BACKGROUND

Ms. Jean has been detained since January 8, 2026, a period approaching ten months. She filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of her continued detention and the lack of a meaningful, individualized custody process. Her petition sought release from immigration custody, or meaningful custody review under the legally correct framework.

The district court denied the § 2241 petition. Ms. Jean then timely moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court denied that motion as well. Ms. Jean appealed those rulings to this Court.

While this appeal was pending, an Immigration Judge in Memphis granted Ms. Jean voluntary departure on September 18, 2026. The Immigration Court Information System reflects that an appeal from that decision is due October 30, 2026. Ms. Jean has not waived her appeal rights. The voluntary-departure order is therefore not final, and it does not establish that Ms. Jean will imminently depart the United States, be released from

custody, or obtain any practical substitute for the habeas relief sought in this appeal.

The Government now contends that the appeal is moot because of the voluntary-departure order. That position fails. The relevant question is whether an actual controversy remains and whether this Court can grant meaningful relief. Both answers are plainly yes.

## ARGUMENT

### I. THE APPEAL IS NOT MOOT BECAUSE MS. JEAN REMAINS DETAINED AND THIS COURT CAN ORDER EFFECTIVE RELIEF.

Article III mootness arises only when intervening events make it impossible for a court to grant any effectual relief to the prevailing party. *Chafin*, 568 U.S. at 172. "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* at 172 (internal quotation marks omitted). The party asserting mootness bears a "heavy burden" of establishing that no effective relief remains available. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

Ms. Jean remains in immigration detention. The injury challenged in this appeal—ongoing physical confinement without the constitutionally and statutorily required meaningful custody process—has not ceased. A

voluntary-departure order does not itself release a detainee. Nor does it necessarily authorize immediate departure. It is an immigration remedy subject to conditions, deadlines, and potential review.

So long as Ms. Jean remains in custody, this Court can grant concrete relief: it can reverse the district court's judgment, remand with instructions to grant the habeas petition, direct release under reasonable conditions, or require a lawful and meaningful custody determination.

Freedom from physical restraint is "at the core of the liberty protected by the Due Process Clause." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The traditional function of habeas corpus is to secure release from unlawful detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973). Thus, a live custody challenge remains live unless the petitioner has actually been released from the challenged custody or an intervening event has otherwise made judicial relief impossible. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

No such event has occurred here. Ms. Jean remains confined. Her appeal is not abstract; it concerns whether she may continue to be confined while awaiting the consequences of an immigration order that remains subject to appellate review. The Government's motion should therefore be denied.

## II. A VOLUNTARY-DEPARTURE ORDER DOES NOT EXTINGUISH THE CONTROVERSY OR PROVIDE THE RELEASE SOUGHT IN HABEAS.

The Government appears to assume that a grant of voluntary departure is equivalent to release from detention or renders ongoing detention legally irrelevant. It is neither.

Voluntary departure is governed by 8 U.S.C. § 1229c and implementing regulations. It permits certain noncitizens to depart voluntarily within a specified period in lieu of removal, subject to statutory and regulatory conditions. See 8 U.S.C. § 1229c(a)–(b); 8 C.F.R. § 1240.26. It does not itself provide a present release from custody, resolve a challenge to detention, or cure prior unlawful detention.

A person granted voluntary departure may remain detained while arrangements are made, while appellate rights remain open, or while the order's terms are addressed. The Government has not shown that Ms. Jean has been released, that her voluntary-departure period has begun in a manner that eliminates detention, or that she has waived her right to appeal. Indeed, the Immigration Court Information System states that an appeal is due October 30, 2026. Until the order becomes administratively final and the relevant conditions are satisfied, voluntary departure is not a substitute for the habeas relief sought.

The Supreme Court's decision in *Dada v. Mukasey* confirms that voluntary departure carries significant legal consequences and cannot be treated as an automatic or uncomplicated resolution of a person's immigration case. *Dada v. Mukasey*, 554 U.S. 1, 8–21 (2008). Dada recognizes that voluntary departure may place a noncitizen in a difficult position between preserving procedural rights and complying with a departure order. *Id.* at 18–21. It does not transform a voluntary-departure grant into an immediate cure for unlawful custody.

The Government cannot moot a habeas appeal by pointing to an immigration disposition that leaves the petitioner incarcerated and that has not become final. To hold otherwise would allow the Government to maintain detention while insulating it from judicial review merely by obtaining an unfinalized voluntary-departure order. Article III does not permit that result.

## III. THE IMMIGRATION JUDGE'S ORDER IS SUBJECT TO APPEAL, AND THE PENDING APPEAL PERIOD CONFIRMS THAT CONTROVERSY REMAINS.

The voluntary-departure decision is appealable. See 8 C.F.R. § 1003.38(a) (appeal from an Immigration Judge's decision must be filed within 30 calendar days after the Immigration Judge's oral decision or the mailing of a written decision); 8 C.F.R. § 1003.39 (an Immigration Judge's decision becomes final upon waiver of appeal or expiration of the time to appeal if no

appeal is taken).

The Immigration Court Information System states that an appeal is due October 30, 2026. Ms. Jean has not waived appeal. The order therefore remains nonfinal for administrative purposes. The Government's mootness theory requires this Court to presume both that Ms. Jean will not appeal and that she will obtain or accept an immediate custodial release and voluntary departure. Neither premise is established.

This Court need not anticipate Ms. Jean's exercise of appellate rights or presume that an unfinalized order will produce any particular future event. Mootness depends on present circumstances and the actual availability of judicial relief, not speculation about what a detained person may later choose or what the agency may later do. *See Chafin*, 568 U.S. at 172–73.

Even if the Immigration Judge's voluntary-departure decision later becomes final, the appeal would not automatically become moot so long as Ms. Jean remains detained and this Court may still grant release, modify custody conditions, or provide relief for a continuing unlawful restraint. The Government has not established otherwise.

## IV. THIS COURT CAN PROVIDE MEANINGFUL HABEAS RELIEF

If Ms. Jean prevails, this Court may reverse the district court's denial of the § 2241 petition and remand with directions to grant effective relief. That

relief may include immediate release from ICE custody under reasonable and nonpunitive conditions, or at a minimum a legally correct, prompt, and individualized custody determination.

The governing habeas statute directs courts to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. The Supreme Court has repeatedly recognized the remedial authority of habeas courts to order release when detention is unlawful. *Zadvydas*, 533 U.S. at 699–702; *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 536–39 (2004) (plurality opinion).

The existence of a voluntary-departure order does not eliminate the possibility of release pending an administrative appeal or pending further proceedings. It also does not resolve the legal questions this appeal presents concerning the legality of Ms. Jean's detention and the adequacy of the custody process afforded to her.

The Government's mootness theory is particularly untenable given the length of Ms. Jean's detention. She has been detained for nearly **ten months** (emphasis). Prolonged civil detention without a meaningful opportunity to secure release is not a trivial or temporary injury. See *Zadvydas*, 533 U.S. at 690, 699–702. Continued detention imposes severe costs on liberty, family stability, preparation of immigration claims, and access to counsel. The Court retains power to remedy those injuries now.

## V. THE APPEAL FALLS WITHIN THE EXCEPTION FOR CONTROVERSIES CAPABLE OF REPETITION YET EVADING REVIEW.

Even if the Government had shown that Ms. Jean's circumstances might soon change, dismissal would remain inappropriate because the challenged custody practice is capable of repetition while evading review.

The exception applies where the challenged action is too short in duration to be fully litigated before it ceases or expires, and there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Spencer*, 523 U.S. at 17; *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007).

Immigration detention determinations routinely evade full judicial review because DHS may transfer a detainee, modify custody paperwork, schedule or continue immigration hearings, obtain a voluntary-departure order, or otherwise alter the petitioner's procedural posture before appellate review is complete. Yet the legal injury—detention without a lawful individualized custody process—can recur whenever a detainee remains or again becomes subject to ICE custody during unresolved immigration proceedings.

The record also demonstrates the practical risk that the challenged detention process will continue or recur. In the Memphis Immigration Court,

bond requests have been denied on immaterial or pretextual grounds, including minor inaccuracies in a sponsor's address or inability to recall an exact address, even where substantial community ties and lack of criminal history otherwise support release. In other instances, bond has been set at punitive and unattainable levels that function as continued detention. These practices make it particularly important that federal courts retain the ability to review detention challenges rather than dismiss them whenever the Government obtains an intervening immigration disposition that does not actually release the detainee.

## VI. THE EQUITIES SUPPORT CONTINUED REVIEW AND RELEASE

Ms. Jean's nearly ten months of detention underscores why this appeal should be decided rather than dismissed. Her prolonged detention should be evaluated in light of the Supreme Court's instruction that civil immigration detention must remain reasonably related to its lawful purpose and subject to meaningful procedural safeguards. *Zadvydas*, 533 U.S. at 690–92.

The purpose of civil detention is not punishment. It is to assure appearance at proceedings and to protect the community where necessary. Id. at 690. Where a detainee does not pose a danger and can be supervised through reasonable conditions, continued detention becomes difficult to justify. Ms.

Jean seeks an opportunity for release under conditions reasonably tailored to any legitimate governmental interest.

The equitable inquiry must also recognize that a voluntary-departure order does not erase the hardship caused by months of detention. It does not restore lost time with family or community, remedy the financial and emotional harm of confinement, or cure the lack of individualized custody review. Rather, it underscores the need for timely judicial review. A person should not have to choose between continued detention and relinquishing appellate rights simply to preserve a claim of liberty.

## CONCLUSION

For these reasons, Appellant Lolita Jean respectfully requests that this Court deny Appellee's Motion to Dismiss Appeal as Moot and permit this appeal to proceed on the merits.

Respectfully submitted this 5th day of October, 2026.

/s/ JAMIE B. NAINI
Tennessee State Bar No. 22959
Attorney for Petitioner
Law Offices of Jamie B. Naini
6645 Stage Road
Bartlett, TN 38134
Tel: (901) 377-9700
Fax: (901) 377-9705
Email: jamie.naini@nainilaw.com

## CERTIFICATE OF SERVICE

I, Jamie B. Naini, hereby certify that, on October 5th, 2026, I electronically filed the foregoing Opposition for Dismissal of Appeal as Moot with the with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ JAMIE B. NAINI
Tennessee State Bar No. 22959
Attorney for Ms. Jolita Jean
Law Offices of Jamie B. Naini